UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TRACY C. WILSON

    Plaintiff,

V.                                                   CIVIL ACTION NO

NCB MANAGEMENT SERVICES, INCORPORATED

Defendant.                                    MARCH 22, 2010

## COMPLAINT

    1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

    2. The Court's jurisdiction is conferred by 15 U.S.C.1692k

    3. Plaintiff is a natural person who resides in Waldorf, Maryland.

    4. Plaintiff is a consumer within the FDCPA.

    5. Defendant is a debt collector within the FDCPA and MCDCA.

6. Defendant was properly licensed at the time of the initial communication and has a place of business located at One Allied Drive, Trevose, PA 19053.

7. Defendant communicated with Plaintiff on and after December, 2009 in connection with collection efforts with regard to Plaintiff's disputed personal debt.

8. Plaintiff received excessive calls from the Defendant in their attempt to collect this alleged debt.

9. Plaintiff received excessive calls at her place or employment from the Defendant in their attempt to collect this alleged debt.

10. Plaintiff received calls at work from the Defendant, after being notified that she could not received personals calls at work, in violation of the FDCPA.

11. Plaintiff entered into a monthly payment arraignment with the Defendant to pay this alleged debt.

12. The Defendant arranged for the payment to be due past the 15 of every month causing Plaintiff to incur late payments on this account.

13. The Plaintiff called the Defendant on or about December 2009 and spoke with a representative of the Defendant who identified himself as Mr. Cory Taylor .

14. Defendant advised my client that if she change her monthly payment due date back to the 6th of every month, she would have to pay $1,000.00 in order to do that. This statement was false, deceptive and misleading and violated §1692e of the FDCPA.

15. Defendant failed to provide notice pursuant to 1692e (11) in the communication defendant had with the Plaintiff.

16. Defendant has inadequate procedures in place to avoid such errors.

17. Defendant advised the Plaintiff that Defendant would report the disputed debt to Credit Reporting Agency's without advising them that this account was in dispute, in violation of 1692 e(8).

18. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692 e, f and g.

SECOND COUNT

19. The allegations of the First Count are repeated and realleged as if fully set forth herein.

20. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA"); Md. Ann. Code <u>Business Regulation</u> Collection Agencies § 7-301 et seq.

21. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff statutory damages pursuant to the MCDCA.

3. Award the Plaintiff costs of suit and a reasonable attorney's fee;

4. Award any such other and further relief as this Court may provide.

                              THE PLAINTIFF

                              BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com